Hossain v. Bondi

BIA
A208 613 421

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

———————————————————————————

DELOWAR HOSSAIN,
> *Petitioner,*

v.                                                                          **23-6904**
                                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

———————————————————————————

**FOR PETITIONER:**      Xiaotao Wang, Law Office of Xiaotao Wang, P.C., New York, NY.

**FOR RESPONDENT:**      Brian Boynton, Principal Deputy Assistant Attorney General; Sheri R. Glaser, Senior Litigation Counsel; Yanal H. Yousef, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Delowar Hossain, a native and citizen of Bangladesh, seeks review of a July 14, 2023 decision of the BIA denying reconsideration of its summary affirmance of a decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Delowar Hossain*, No. A208 613 421 (B.I.A. July 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Hossain's petition is timely as to the BIA's July 2023 decision denying his motion to reconsider but not timely as to the underlying March 2023 decision summarily affirming the IJ's decision. Thus, the decision denying reconsideration

is the only one before us. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (concluding that review is limited to the BIA's denial of a motion where no petition was filed from the underlying decision denying asylum).

In his brief, Hossain does not specifically challenge the BIA's denial of reconsideration, and he argues instead that the IJ and BIA erred in denying asylum, withholding of removal, and CAT relief. Hossain has thus abandoned review of the BIA's reasons for denying reconsideration—namely, that his motion did not identify errors in the prior decision and that the BIA's decision to summarily affirm the IJ was proper and not subject to reconsideration. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Because Hossain does not challenge the only decision before this Court, we deny the petition for review. *Id.* at 684–85; 8 U.S.C. § 1229a(c)(6)(C) (providing that a

3

motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4